**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**AKF, INC.**, *doing business as Fundkite*,

                     **Plaintiff,**

  vs.                                            1:22-CV-346
                                                      (MAD/DJS)

**ROYAL PETS MARKET & RESORT HOLDINGS, LLC; ROYAL PETS MARKET & RESORT PINELLAS, LLC; ROYAL PETS MARKET & RESORT MIDTOWN, LLC; ROYAL PETS MARKET & RESORT D & B HOLDINGS, LLC; ROYAL PETS MARKET & RESORT ST. PETERSBURG, LLC; ROYAL PETS MARKET & RESORT ENTERPRISES, LLC; DENISE WOLIN** *a/k/a* **DENISE WOLIN-GORE; and BRYAN MCGOLDRICK,**

                     **Defendants.**

_____

**APPEARANCES:**                                 **OF COUNSEL:**

**KAMINSKI LAW, PLLC**                   **SHANNA M. KAMINSKI, ESQ.**
P.O. Box 247
Grass Lake, Michigan 49240
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On April 12, 2022, Plaintiff AFK, Inc., doing business as FundKite ("Plaintiff"), commenced this action against Defendants Royal Pets Market & Resort Holdings, LLC ("Royal Pets Holdings"), Royal Pets Market & Resort Pinellas, LLC ("Royal Pets Pinellas"), Royal Pets Market & Resort Midtown, LLC ("Royal Pets Midtown"), Royal Pets Market & Resort D & B Holdings, LLC ("Royal Pets D & B"), Royal Pets Market & Resort St. Petersburg, LLC ("Royal Pets St. Petersburg"), Royal Pets Market & Resort Enterprises, LLC ("Royal Pets Enterprises"),

1

Denise Wolin also known as Denise Wolin-Gore ("Wolin"), and Bryan McGoldrick ("McGoldrick") for breach of contract and breach of performance guaranty.  *See* Dkt. No. 1.  On November 7, 2022, the Court granted Plaintiff's motion for default judgment as to liability and denied it as to damages, ordering Plaintiff to supplement its motion as to its claim for damages.  *See* Dkt. No. 13.  Currently before the Court is Plaintiff's affidavit in support of its request for damages.  *See* Dkt. No. 14.

The Court assumes the parties' familiarity with the underlying allegations, as set forth in the complaint, the motion for default judgment, and the Court's November 7, 2022 Memorandum-Decision and Order.  *See* Dkt. Nos. 1, 10, 13.  In the complaint, Plaintiff alleged that it was owed $413,493.50 in unobtained Receipts and $103,373.38 for the default fee.  *See* Dkt. No. 1 at ¶¶ 24-25.  Combined with interest and fees, Plaintiff alleged that it was owed a total of $519,068.85.  *See* Dkt. No. 10 at 1.

Plaintiff has since submitted an affidavit in support of the damages request as directed by the Court.  *See* Dkt. No. 14.  In the affidavit, Plaintiff explains in detail the calculation of damages, including the number of debits received, the total owed, and the Receipts collected since the complaint was filed.  *See id.* at ¶¶ 2, 7, 14-15.  Plaintiff now seeks $386,643.71 plus prejudgment interest from the default date of April 8, 2022.  *See id.* at ¶ 16.

"Rule 55(b) of the Federal Rules of Civil Procedure provides that when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp.*, No. 06-CV-5415, 2008 WL 163598, *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55(b)).  "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]"  *Pert 35,*

*Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citations omitted). More specifically, in order to grant a plaintiff's motion for default judgment, a plaintiff must satisfy the following requirements: "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Id.* (citing Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2) (other citation omitted).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

In the present matter, the Court finds that Plaintiff has established that it is entitled to judgment in its favor in the amount of $386,643.71. Upon beginning the disbursement schedule, Plaintiff received remittances for the weekly debits for nine weeks. *See* Dkt. No. 1 at ¶ 7. Receipts based on the disbursement schedule ended when Plaintiff was notified on April 8, 2022, of an "action of default." *See id.* at ¶¶ 8-10. According to Plaintiff's affidavit, Defendants owed $516,866.88 when the complaint was filed. *See* Dkt. No. 14 at ¶ 14. Of this $516,866.88, the uncollected purchase amount of Receipts totaled $413,493.50, *see id.* at ¶ 12, and the contractual default fee of 25 percent of the uncollected purchase amount of Receipts totaled $103,373.38. *See id.* at ¶ 13; *see also* Dkt. No. 1-1 § 3.2. After filing, Plaintiff received $130,223.17 of Receipts. *See* Dkt. No. 1 at ¶ 15.

"Under New York law, a prevailing party in a breach of contract case is entitled to prejudgment interest at the statutory rate from the date of breach to the entry of judgment." *Sriraman v. Patel,* 761 F. Supp. 2d 23, 26 (E.D.N.Y. 2001) (citing *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.,* 352 F.3d 599, 606 (2d Cir. 2003)); *First Tech. Cap., Inc. v. Airborne, Inc.*, 378 F. Supp. 3d 212, 222 (W.D.N.Y. 2019); *see also* N.Y.C.P.L.R. §§ 5001-4. As a federal district court sitting in diversity, this Court is bound by this substantive provision of New York law. *Sriraman*, 761 F. Supp. 2d at 26 (citing *FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 147 (2d Cir. 2010)).

The statutory rate for prejudgment interest in a breach of contract action in New York is nine percent per year. *See* N.Y. C.P.L.R. § 5004. As to the date from which interest is computed, N.Y. C.P.L.R. § 5001(b) provides as follows:

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such

> damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

Accordingly, the Court grants Plaintiff's renewed request for default judgment in the amount of $386,643.71, along with prejudgment interest calculated at nine percent per annum beginning at the earliest ascertainable date of breach of April 8, 2022, *see* Dkt. No. 13 at 4, through the date of this judgment.

After carefully reviewing the entire record in this matter, Plaintiff's submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's renewed request for default judgment (Dkt. No. 14) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor in the amount of $386,643.71 in addition to prejudgment interest at the rate of nine percent per annum from the April 8, 2022, until the date of this order; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 10, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge